# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICHARD HOBBY,<br>Individually and on behalf of all others<br>similarly situated<br><br>*Plaintiff*,<br><br>v.<br><br>EASTSIDE WASTE SYSTEMS, INC.<br><br>*Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. CIV-17-168-M<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Richard Hobby brings this action individually and on behalf of all current and former waste disposal drivers (hereinafter "Plaintiff and the Putative Class Members") who worked for Defendant Eastside Waste Systems, Inc. (hereinafter "Eastside Waste"), at any time during the past three years, to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

## I.
## OVERVIEW

1.1 This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq*.

1.2 Plaintiff and the Putative Class Members are those persons who worked for Eastside Waste within the last three years.

1.3 During this time, Plaintiff and the Putative Class Members were non-exempt waste disposal drivers who were paid a salary and no overtime compensation.

1.4     Plaintiff and the Putative Class Members routinely work (and worked) in excess of forty (40) hours per workweek.

1.5     Plaintiff and the Putative Class Members were not paid overtime for any hours worked in excess of forty (40) hours per workweek.

1.6     The decision by Eastside Waste not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

1.7     Eastside Waste knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime for any hours worked in excess of forty (40) hours per workweek.

1.8     Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

1.9     Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

1.10    Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

2.1     Plaintiff Richard Hobby ("Hobby") worked for Eastside Waste within the meaning of the FLSA within this judicial district within the relevant three-year period.

Plaintiff Hobby did not properly receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

2.2   The Putative Class Members are those current and former workers who were employed by Eastside Waste in the past three years and have been subjected to the same illegal pay system under which Plaintiff Hobby worked and was paid.

2.3   Eastside Waste Systems, Inc. ("Eastside Waste") is an Oklahoma for profit corporation, having its principal place of business in McLoud, Oklahoma. Eastside Waste may be served through its registered agent for service, Judy Burton, Rt. 2 Box 525-28, McLoud, Oklahoma 74851.

### III.
### JURISDICTION & VENUE

3.1   This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq*.

3.2   This Court has personal jurisdiction over Eastside because the cause of action arose within this district as a result of Eastside Waste's conduct within this District.

3.3   Venue is proper in the Western District of Oklahoma because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

3.4   Specifically, Eastside Waste maintains its principal place of business in McLoud, Oklahoma, which is located in this District.

---

[1] The written consent of Richard Hobby is attached hereto as Exhibit "1."

3.5    Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## FLSA COVERAGE

4.1    At all times hereinafter mentioned, Eastside Waste has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.2    At all times hereinafter mentioned, Eastside Waste has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.3    At all times hereinafter mentioned, Eastside Waste has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

4.4    During the respective periods of Plaintiff and the Putative Class Members' employment by Eastside Waste, these individuals provided services for Eastside Waste that involved interstate commerce.

4.5    In performing the operations hereinabove described, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for

commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

4.6     Specifically, Plaintiff and the Putative Class Members are (or were) non-exempt employees of Eastside Waste who are (or were) waste disposal drivers responsible for handling or otherwise working on goods or materials that had been moved in or produced for commerce. 29 U.S.C. § 203(j).

4.7     At all times hereinafter mentioned, Plaintiff and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-07.

4.8     The proposed class of similarly situated employees, i.e. potential class members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all current and former waste disposal drivers who worked for Eastside Waste Systems, Inc., at any time during the last three years, and were paid a salary but not paid overtime."

4.9     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Eastside Waste.

# V.
# FACTS

5.1     Eastside Waste is a residential and commercial trash collection service operating in fourteen (14) Oklahoma counties.[2]

---

[2] http://www.eastsidewastesystems.com.

5.2     To provide these services, Eastside Waste employed numerous waste disposal drivers to services is residential and commercial routes.

5.3     Plaintiff Hobby was employed by Eastside Waste from approximately October 2013 through January 2016.

5.4     Eastside Waste paid Plaintiff and the Putative Class Members a weekly salary that remained the same regardless of the actual number of hours worked each week. Specifically, Plaintiff Hobby was paid $540.00 per week but did not receive overtime compensation for any hours worked over forty (40) each workweek.

5.5     Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week. Specifically, Plaintiff and the Putative Class Members usually worked fifty-five (55) to sixty (60) hours a week.

5.6     Although it is well-known that blue-collar workers like Plaintiff and the Putative Class Members are ***not*** exempt from overtime, Eastside Waste did not pay Plaintiff and the Putative Class Members the additional overtime premium required by the FLSA for hours worked in excess of forty (40) in a workweek.

5.7     Moreover, Plaintiff and the Putative Class Members were not required to have an advanced degree to work for Eastside Waste. In fact, Eastside Waste regularly hired (and continues to hire) employees with only a high school diploma (or less).

5.8     Plaintiff and the Putative Class Members are blue-collar workers. They rely on their hands, physical skills, and energy to perform manual labor in the waste disposal industry.

5.9 Plaintiff and the Putative Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

5.10 Plaintiff and the Putative Class Members did not (and currently do not) have the authority to hire or fire other employees, and they were not (and currently are not) responsible for making hiring or firing recommendations.

5.11 The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

5.12 Eastside Waste did not pay any overtime at all for work in excess of forty (40) hours per week.

5.13 Accordingly, Eastside Waste's pay policies and practices violated (and continue to violate) the FLSA.

# VI.
# CAUSES OF ACTION

**A. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

6.1 Eastside Waste violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

6.2     Moreover, Eastside Waste knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

6.3     Eastside Waste knew or should have known their pay practices were in violation of the FLSA.

6.4      Eastside Waste is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

6.5     Plaintiff and the Putative Class Members, on the other hand, are (and were) unsophisticated laborers who trusted Eastside Waste to pay according to the law.

6.6     The decision and practice by Eastside Waste to not pay overtime was neither reasonable nor in good faith.

6.7     Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

### B.     COLLECTIVE ACTION ALLEGATIONS

6.8     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiff Hobby.

6.9     Other similarly situated employees have been victimized by Eastside Waste's patterns, practices, and policies, which are in willful violation of the FLSA.

6.10    The Putative Class Members are "all current and former waste disposal drivers who worked for Eastside Waste Systems, Inc., at any time during the last three years, and were paid a salary but not paid overtime."

6.11 Eastside Waste's systematic failure to pay wages for all hours worked and overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of the Putative Class Members.

6.12 Thus, Plaintiff Hobby's experiences are typical of the experiences of the Putative Class Members.

6.13 The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

6.14 All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

6.15 Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the Putative Class Members are non-exempt, blue-collar waste disposal drivers entitled to overtime after forty (40) hours in a workweek.

6.16 Eastside Waste employed a substantial number of waste disposal drivers in the State of Oklahoma during the past three years.

6.17 Absent a collective action, many members of the proposed FLSA class likely will not obtain redress of their injuries and Eastside Waste will retain the proceeds of its rampant violations of federal wage and hour laws.

6.18 Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and

parity among the claims of the individual members of the classes and provide for judicial consistency.

6.19     Accordingly, the class of similarly situated plaintiffs should be defined as:

**ALL CURRENT AND FORMER WASTE DISPOSAL DRIVERS WHO WORKED FOR EASTSIDE WASTE SYSTEMS, INC., AT ANY TIME DURING THE PAST THREE YEARS, AND WERE PAID A SALARY BUT NOT PAID OVERTIME.**

## VII.
## RELIEF SOUGHT

7.1     Plaintiff respectfully prays for judgment against Eastside Waste as follows:

a.      For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Eastside Waste to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b.      For an Order approving the form and content of a notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c.      For an Order awarding Plaintiff (and those who have joined in the suit) back wages that have been improperly withheld;

d.      For an Order pursuant to Section 16(b) of the FLSA finding Eastside Waste liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

e. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

f. For an Order awarding Plaintiff (and those who have joined in the suit) attorneys' fees;

g. For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

h. For an Order awarding Plaintiff a service award as permitted by law;

i. For an Order compelling the accounting of the books and records of Eastside Waste; and

j. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Noble K. McIntyre*
**Noble K. McIntyre**
Oklahoma Bar No. 16359
noble@mcintyrelaw.com
**MCINTYRE LAW PC**
8601 S. Western Avenue
Oklahoma City, Oklahoma 73139
Telephone: (405) 917-5250
Facsimile: (405) 917-5405

/s/ *Clif Alexander*
**Clif Alexander** *(Pro Hac Vice Forthcoming)*
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson** *(Pro Hac Vice Forthcoming)*
Texas Bar No. 24045189
austin@a2xlaw.com
**ANDERSON2X, PLLC**
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**ATTORNEYS IN CHARGE FOR PLAINTIFF AND PUTATIVE CLASS MEMBERS**